551 F.2d 1266
 9 ERC 1751, 179 U.S.App.D.C. 307
 SEARS, ROEBUCK AND COMPANY, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
TEXACO, INC., Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
NATURAL RESOURCES DEFENSE COUNCIL, INC., Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 Nos. 73-2234, 74-1015, 74-1030, 74-1574, 74-1576, 74-1583,
74-1016, 74-1018, 74-1573, 74-1578, 74-1235, 74-1357,
74-1378 to 74-1381, 74-1521, 74-1536 and 74-1537, 74-1564 to
74-1570, 74-1588 and 74-1589, 74-1595 to 74-1598, 74-1630,
74-1631, 74-1669 to 74-1674, 74-1676, 74-1678 to 74-1683,
74-1685 to 74-1693, 74-1800 and 74-1897.
 United States Court of Appeals,
District of Columbia Circuit.
 Dec. 17, 1976.
 
 Before MacKINNON and ROBB, Circuit Judges, and CHRISTENSEN,* United States Senior District Judge for the District of Utah.
 ORDER
 PER CURIAM:
 
 
 1
 Following the opinion of this court, filed on August 26, 1976, the Environmental Protection Agency (EPA) was directed to inform the court of subsequent administrative and congressional action. On the basis of that information, it is now appropriate to dismiss two sets of those cases, with leave to reinstate, while maintaining the third set on this court's docket, though suspended from the active calendar.
 
 
 2
 I. No. 73-2234, et al.
 
 
 3
 The cases in No. 73-2234, et al., were commenced to seek review of parking regulations promulgated by the EPA. Those regulations were suspended by the EPA, as the Agency informed this court in its April 15, 1976, memorandum. On August 9, 1976, Pub.L.No. 94-378, 90 Stat. 1095, became law. Section 406 of that law, 90 Stat. 1109, provides:
 
 
 4
 No part of the funds appropriated under this Act may be used by the Environmental Protection Agency to administer or promulgate, directly or indirectly, any program to tax, limit or otherwise regulate parking that is not specifically required pursuant to subsequent legislation.
 
 
 5
 With respect to the parking aspects of the Act the EPA interprets this provision "to bar any agency rulemaking until September 3, 1977," the end of the present fiscal year. Congress has now adjourned without having passed any subsequent legislation. There are no parking regulations presently in force, and unless there is new legislation new parking regulations cannot be issued until after the end of the present fiscal year.
 
 
 6
 II. No. 74-1235, et al.
 
 
 7
 The cases in No. 74-1235, et al., concern indirect sources of pollution. To the extent that these regulations would concern parking, they have already been considered. The EPA has suspended all other regulations under this heading. (Memorandum of November 5, 1976, at 3.)
 
 
 8
 Accordingly, No. 73-2234, et al., and No. 74-1235, et al., no longer present a case or controversy. In the future, the EPA might promulgate new regulations in the areas of parking and indirect pollution source control. Since the parking regulations complained of in these cases are without present force, any subsequent regulations must be treated as new agency action for purposes of 42 U.S.C. § 1857h-5(b)(1) (Supp. V, 1975). New complaints may be filed within thirty days of the date of any subsequent promulgation by the EPA.
 
 
 9
 As for the remaining indirect source regulations, EPA has informed this court that they remain suspended and that the agency is still uncertain as to its own course. Should EPA decide to repromulgate them, it might be contended that the 30-day period prescribed by 42 U.S.C. § 1857h-5(b)(1) had already run, thus barring further petition for review. Without deciding that issue, we consider that the repromulgation would constitute adequate "grounds arising after such 30th day," so that such regulations could still be challenged, and it is because of that holding that we rule the presently docketed complaints lack the necessary case or controversy elements.III. No. 74-1016, et al.
 
 
 10
 The cases in No. 74-1016, et al., complained of EPA fuel vapor recovery regulations. EPA plans a public hearing on these regulations, which were reproposed on November 1, 1976. 41 Fed.Reg. 48044 (1976). Public hearings are set for January 5, 1977. We consider it more expedient to maintain these cases on the inactive calendar than to dismiss and possibly reinstate them, at least until the final action of the EPA becomes known.
 
 For these reasons, it is ordered that:
 
 11
 (1) The cases grouped with No. 73-2234 and No. 74-1235 are dismissed on the court's own motion, with leave to reinstate upon repromulgation or upon other good cause being shown.
 
 
 12
 (2) The cases grouped with No. 74-1016 are maintained on the inactive docket, but may be returned to active consideration on motion of any party, and for good cause shown.
 
 
 13
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(d)